

**ALEXANDER B. LEES**
*Partner*
55 Hudson Yards | New York, NY 10001-2163
T212.530.5161
alees@milbank.com | milbank.com

April 25, 2022

**Via ECF**

Hon. Lisa G. Beckerman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-2304

    Re:    *AJ Ruiz Consultoria Empresarial S.A. v. Banco Bilbao Vizcaya Argentaria S.A., et al.*, Case No. 21-ap-01213-LGB (Bankr. S.D.N.Y.) (the "1213 Action"); *AJ Ruiz Consultoria Empresarial S.A. v. Bank of China Limited, et al.*, Case No. 12-ap-01216-LGB (Bankr. S.D.N.Y.) (the "1216 Action")

Dear Judge Beckerman:

    We write jointly on behalf of the Defendants in advance of the pretrial conference scheduled for April 28, 2022, at 10:00 a.m. During the previous conference on January 25, the Court indicated that it preferred to give Judge Nathan time to decide Plaintiff's motions to withdraw before moving these actions materially forward. On April 11, 2022, however, both cases were reassigned to Judge Schofield before Judge Nathan decided the motions to withdraw. In light of the recent reassignment, and consistent with this Court's previous preference, Defendants request that the upcoming conference be adjourned to afford Judge Schofield time to address Plaintiff's motions, and that all discovery remain stayed.

    The Court also stated at the last conference that its practice is to stay discovery pending a motion to dismiss, but that it might consider ordering initial disclosures if the motions to withdraw had not been decided by the time of this week's conference. The Defendants do not believe initial disclosures are appropriate and urge the Court to keep in place the current stay of *all* discovery, pending a resolution of Defendants' forthcoming motion to dismiss.

    In January, when these actions first were referred to this Court, Defendants were prepared to file their motion to dismiss—which would advocate for dismissal of the amended complaints in their entirety—and an accompanying motion to stay all discovery. They did not file those motions, however, because Plaintiff refused to agree to a briefing schedule until the motions to

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

Hon. Lisa G. Beckerman
April 25, 2022
Page 2

withdraw are resolved and because this Court stayed discovery *sua sponte* at the last conference. The Defendants request that the stay of discovery remain in place, including in respect of initial disclosures. In determining whether to stay discovery pending the outcome of a motion to dismiss, "[c]ourts generally consider 'the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay and the strength of the pending motion forming the basis of the request for stay.'" *Valentini v. Grp. Health Inc.*, 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021) (citation omitted); *see also Flores v. S. Peru Copper Corp.*, 203 F.R.D. 92, 94 (S.D.N.Y. 2001) (refusing to order even partial initial disclosures while motion to dismiss was pending). Those factors weigh in favor of continuing the stay the Court already has imposed, including as to initial disclosures.

*First*, Defendants' forthcoming motion to dismiss will advance "substantial arguments for dismissal" of the amended complaints in their entirety. *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002); *see also Shulman v. Becker & Poliakoff, LLP*, 2018 WL 4938808, at *4 (S.D.N.Y. Oct. 11, 2018) (pending motion to dismiss weighs in favor of stay where, although "plaintiffs may ultimately prevail[,] . . . the viability of plaintiffs' claims is in at least some doubt . . . and defendants' potentially dispositive motions appear to be not unfounded in law" (internal quotations and citations omitted; cleaned up)). As described in the pre-motion letters Defendants filed when this case was before Judge Castel (*see* 1213 Dkt. 1-83, 1-103; 1216 Dkt. 1-59, 1-71), as well as the December 24, 2021 letter submitted to this Court (*see* 1213 Dkt. 6; 1216 Dkt. 5), there are numerous procedural and substantive grounds that foreclose Plaintiff's claims, including: (1) they are time-barred; (2) Plaintiff lacks Article III standing; (3) Plaintiff lacks prudential standing; and (4) receiving repayment on a valid loan does not constitute aiding and abetting breach of fiduciary duty or unjust enrichment as a matter of law. Additionally, many Defendants are not subject to personal jurisdiction in New York and some also are immune from suit.[1] The amended complaints are riddled with fatal threshold defects, making the likelihood that initial disclosures will serve any purpose vanishingly small.

*Second*, ordering initial disclosures would impose a substantial burden on Defendants, which consist of twenty-three financial institutions located in jurisdictions across the world, including China, Japan, South Korea, the United Kingdom, Italy, France, Spain, Germany, Grand Cayman, Brazil, and the United States. The sheer number of entities involved, and their multinational nature, will multiply the expense and burden of initial disclosures here. *See O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *8 n.4 (S.D.N.Y. Apr. 26, 2018) (staying discovery of seventeen defendants, even where the plaintiff's proposed discovery was limited to documents already produced in another case, in recognition that "the breadth of discovery may be particularly burdensome when sought against a large number of defendants"). Moreover, Plaintiff's allegations concern transactions that occurred between 2008 and 2014. Initial disclosures therefore will require the nearly two dozen Defendants to produce information

---

[1] The immunity from suit that some Defendants enjoy is an additional reason to stay initial disclosures at least for those entities, as addressed in a separate letter to the Court.

Hon. Lisa G. Beckerman
April 25, 2022
Page 3

concerning transactions that occurred up to fourteen years ago, further increasing the burden. *See Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076 at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay of discovery where "the breadth of the discovery sought in this action will cover a six-year period"). At this stage, there is no basis even for "putting [Defendants] to the effort in order to find out" what level of expense initial disclosures would entail. *Flores*, 203 F.R.D at 94.

*Third*, Plaintiff would not be prejudiced by a continued stay of initial disclosures. Plaintiff waited some seven years after Defendants were repaid on their loans to file suit (which is what makes these actions untimely); it then contributed to the delay of these cases by rescinding its agreement to the parties' motion to dismiss briefing schedule and instead filing its motions to withdraw. Plaintiff's own conduct belies any sense of urgency or necessity in receiving discovery—let alone one that could outweigh the burden and expense Defendants would experience by undertaking initial disclosures. *See Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (plaintiffs not prejudiced by stay where delays in case were "largely attributable to Plaintiffs' own decision[s]").

\*   \*   \*

Accordingly, Defendants request that initial disclosures remain stayed, as is the case for all other discovery. This result is consistent with the Court's stated preference of giving the district court time to assess the motions to withdraw now that they have very recently been assigned to a new judge. Regardless, a stay of initial disclosures is warranted given the many threshold defects in the amended complaints, the burden they would impose on the many Defendants in these actions, and the lack of any pressing need to move forward with initial disclosures or any resulting prejudice to Plaintiff.[2]

We are available at the Court's convenience to answer any questions.

Sincerely,

MILBANK LLP

By:   */s/ Alexander B. Lees*
        Alexander B. Lees
        alees@milbank.com
        Daniel M. Perry
        dperry@milbank.com

---

[2] At the very least, if the Court is inclined to order initial disclosures, Defendants request an opportunity to submit a full motion to stay discovery.

Hon. Lisa G. Beckerman
April 25, 2022
Page 4

*Attorneys for Defendants Banco Bilbao Vizcaya Argentaria, S.A., Banco Bilbao Vizcaya Argentaria, S.A., Grand Cayman Branch, Caterpillar Financial Services Corporation, Credit Industriel et Commercial, Deutsche Bank AG, London Branch, Deutsche Bank Trust Company Americas, Hamburg Commercial Bank AG, Intesa Sanpaolo, S.p.A., New York Branch, Itau BBA International PLC, Mizuho Bank, Ltd., Shinhan Bank, Standard Chartered Bank, UniCredit Bank AG, Dexia Credit Local SA, and KfW*

SULLIVAN & CROMWELL LLP

By:   */s/ Amanda Flug Davidoff*
      Amanda Flug Davidoff
      davidoffa@sullcrom.com

*Attorneys for Defendant Nomura Corporate Funding Americas, LLC*

MAYER BROWN LLP

By:   /s/ *Christopher J. Houpt*
      Christopher J. Houpt
      choupt@mayerbrown.com
      Matthew D. Ingber
      mingber@mayerbrown.com

*Attorneys for Defendant Mitsubishi Corporation*

SIDLEY AUSTIN LLP

By:   */s/ Jeffrey T. Green*
      Jeffrey T. Green (admitted pro hac vice)
      jgreen@sidley.com
      Marisa S. West (admitted pro hac vice)
      mwest@sidley.com

Hon. Lisa G. Beckerman
April 25, 2022
Page 5

JONES DAY

By:  */s/ Dan T. Moss*
    Kevyn D. Orr
    korr@jonesday.com
    Dan T. Moss
    dtmoss@jonesday.com
    Steven T. Cottreau
    scottreau@jonesday.com
    Eric Snyder
    esnyder@jonesday.com

*Attorneys for Defendant International Finance Corporation*


DORSEY & WHITNEY LLP

By:  */s/ Lanier Saperstein*
    Lanier Saperstein
    saperstein.lanier@dorsey.com

*Attorneys for Defendants Bank of China Limited and China Development Bank*


MASUDA, FUNAI, EIFERT & MITCHELL, LTD.

By:  */s/ David J. Stein*
    David J. Stein
    dstein@masudafunai.com
    Jiwon J. Yhee
    jyhee@masudafunai.com

*Attorneys for Defendant Mitsubishi HC Capital (U.S.A.) Inc., f/k/a Mitsubishi UFJ Lease & Finance (U.S.A.) Inc.*

Hon. Lisa G. Beckerman
April 25, 2022
Page 6

                            LAW OFFICE OF STEVEN J. FINK PLLC

                        By:  */s/ Steven J. Fink*
                              Steven J. Fink
                              steven.fink@sjfinkpllc.com

                        *Attorney for Defendant Portigon AG*

cc:      All Counsel of Record (via ECF)