KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

November 22, 2022

*Via ECF*

Hon. Lisa G. Beckerman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   *AJ Ruiz Consultoria Empresarial S.A. v. Banco Bilbao Vizcaya Argentaria, S.A.,
et al.*, Case No. 21-ap-01213-LGB (Bankr. S.D.N.Y.); *AJ Ruiz Consultoria
Empresarial S.A. v. Bank of China Limited*, *et al.*, Case No. 21-ap-01216-LGB
(Bankr. S.D.N.Y.)

Dear Judge Beckerman:

    I write on behalf of Plaintiff in response to Defendants' November 18, 2022 letter, which contains further argument challenging Plaintiff's right to amend if the Court dismisses its current complaint. Dkt. 53.[1] Defendants' position defies Second Circuit law and is not supported by the cited authorities.

    Defendants do not dispute the Second Circuit's authoritative holding that, absent a finding that a proposed amendment would be futile, a plaintiff is entitled to amend its complaint at least once *after* receiving the benefit of a judicial decision on a motion to dismiss. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). That holding is binding and governs here.

    *VR Global Partners, L.P. v. Bennett (In re Refco Capital Markets, Ltd.)*, No. 06 Civ. 643 (GEL), 2008 WL 4962985 (S.D.N.Y. Nov. 20, 2008), on which Defendants rely, predates *Loreley* but is nonetheless consistent with it. There Judge Lynch denied leave to amend because the plaintiffs had previously seen his ruling dismissing similar claims brought by other plaintiffs. *See id.* at *2; *see also In re Refco Cap. Mkts., Ltd. Brokerage Customer Sec. Litig.*, No. 06 Civ. 643 GEL, 2007 WL 2694469, at *12 (S.D.N.Y. Sept. 13, 2007) (dismissing with leave to replead). That decision supports Plaintiff here, not Defendants.

---

[1] Dkt. citations refer to No. 21-ap-01213-LGB (Bankr. S.D.N.Y.), unless otherwise indicated.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Hon. Lisa G. Beckerman
November 22, 2022
Page 2

    Nor do Judge Castel's Individual Practice Rules help Defendants. To begin, those rules no longer govern these cases because Judge Castel no longer presides over these cases. *See* Jan. 25, 2022 Hr'g Tr. 22 ("every time something goes back [to District Court], unless there was like a specific order in the proceeding before or unless it was like somebody remanded something to me for, you know, for me to rule on and then go back up to them, it will go back on the wheel and it will be whoever gets the matter").

    In any event, Plaintiff has complied with those rules, as illustrated by Defendants' own case, *Kamara v. Pepperidge Farm, Inc.*, 570 F. Supp. 3d 69, 82 (S.D.N.Y. 2021). At the time of that case and this one, Judge Castel's Individual Practices required a plaintiff to state in response to a defendant's pre-motion letter whether it sought leave to amend. In *Kamara*, the plaintiff sought such leave and amended. *See id*. at 82-83. The defendant then wrote another pre-motion letter, but the plaintiff did not seek leave to amend in response. *See id*. Judge Castel later granted the defendant's motion to dismiss and denied leave to amend because the plaintiff "did not avail [her]self" of the opportunity to amend after the defendant's second pre-motion letter. *Id.* at 83.

    Here, Plaintiff requested leave to amend in response to Defendants' initial pre-motion letters filed in each case. *See* Dkt. 93, at 1, No. 21-6018-PKC (S.D.N.Y.); Dkt. 65, at 1, No. 21-6020-PKC (S.D.N.Y.). Judge Castel ordered Plaintiff to amend, and it did so. *See* Dkts. 94, 106, No. 21-6018-PKC (S.D.N.Y.); Dkts. 66, 69, No. 21-6020-PKC (S.D.N.Y.). As in *Kamara*, Defendants then filed another round of pre-motion letters, raising new arguments not raised in the first round. *See* Dkt. 107, No. 21-6018-PKC (S.D.N.Y.); Dkt. 76, No. 21-6020-PKC (S.D.N.Y.). But before Plaintiff could respond, the cases were referred to this Court. *See* Dkt. 108, No. 21-6018-PKC (S.D.N.Y.); Dkt. 77, No. 21-6020-PKC (S.D.N.Y.). Unlike the plaintiff in *Kamara*, Plaintiff here never forfeited an opportunity to seek leave to amend.

    In any event, denying Plaintiff leave to amend based on pre-motion letters would not be consistent with *Loreley*. As the Second Circuit explained:

> The [district] court required the parties to attend a pre-motion conference and to exchange, in preparation, letters of no more than three pages regarding Defendants' anticipated motion to dismiss for failure to state a claim. . . . The impropriety occurred not when the district court *held* the pre-motion conference but when, in the course of the conference, it presented Plaintiffs with a Hobson's choice: agree to cure deficiencies not yet fully briefed and decided or forfeit the opportunity to replead. Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies. . . . [T]he court treated Plaintiffs' decision to stand by the complaint after a preview of Defendants' arguments—in the critical absence of a definitive ruling—as a forfeiture of the protections afforded by Rule 15. This was, in our view, premature and inconsistent with the course of litigation prescribed by the Federal Rules.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Lisa G. Beckerman
November 22, 2022
Page 3

*Loreley*, 797 F.3d at 190.

      In Plaintiff's view, its complaints properly state claims against Defendants and these cases should proceed to discovery.  If the Court concludes otherwise, however, Plaintiff should have the opportunity to amend in light of whatever deficiency the Court identifies.

      Respectfully submitted,

*/s/ Andrew E. Goldsmith*
Andrew E. Goldsmith
Derek T. Ho
Andrew M. Hetherington
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
agoldsmith@kellogghansen.com
dho@kellogghansen.com
ahetherington@kellogghansen.com

*Attorneys for Plaintiff*